### CAREY v TROY (city)

Ohio Appeals, Miami Co

No 372. Decided Nov 3, 1938

F. C. Goodrich, Troy, for plaintiff-appellant.

Paul G. Gingrich, Troy, and Robert S. Miller, Troy, for defendant-appellee.

## OPINION

BY THE COURT:

The plaintiff brought her action against the City of Troy, Ohio, for injuries claimed to have been suffered by her, by reason of the fact that there existed on the sidewalk of one of the streets a stop sign which had been bent over the sidewalk so as to strike pedestrians, and by which plaintiff was struck as she was using the sidewalk.

The allegation is in effect that the defendant prior to February 15, 1935, had erected an iron stop sign on the grass plot between the cement sidewalk and the curb and gutter, on Oak Street, for the purpose of controlling traffic; that during the month of February, 1935, and for sometime prior thereto, the defendant, through its officers and agents, negligently permitted said stop sign to become out of repair, so that it created an obstruction in said sidewalk, dangerous to pedestrians, being bent over said sidewalk so as to strike pedestrians as they were passing over the sidewalk in the night season; and that "said defendant City and its officers and agents charged with the maintenance of said sidewalk knew, or, by the exercise of ordinary care and prudence, ought to have known, of this defective and dangerous condition and obstruction in said sidewalk, long prior to the happening of the injury herein complained of."

The City of Troy answered, denying its negligence, and alleged that if the plaintiff was injured the same was caused by the carelessness and negligence of the plaintiff directly contributing thereto.

The cause was tried before a jury and at the end of the plaintiff's testimony, the defendant moved the Court to arrest and instruct the jury to return a verdict for the defendant. This motion was sustained, and the jury so instructed. A motion for new trial was made and overruled, and notice of appeal given.

The evidence is not voluminous, and tends to show that on the night of February 15, 1935, at about 11:30 o'clock, the plaintiff, accompanied by her children, was returning to her home, and was walking on the sidewalk on the east side of Oak Street; that the City of Troy, through its officers and agents, prior to February 15, 1935, erected a metal stop sign on the east side of Oak Street, in the grass plot between the cement sidewalk and the curb and gutter; that on the night in question this stop sign had become bent over, and was extending over said sidewalk, and when plaintiff was walking down said sidewalk she tripped over said sign, fell on said sidewalk, and received the injuries of which she complains.

The Court below in directing a verdict based his action on the ground that there was no evidence whatever of any notice, either actual or constructive, to the City, of the unsafe condition of said sidewalk. The Court also took the position that the erection of the sign in the grass plot was not in itself negligence, relying upon the case of Barnesville v Ward, 85 Oh St 1.

Sec 3714 GC, after defining the powers of municipalities in reference to their streets provides:

"* * * and shall cause them to be kept open, in repair and free from negligence."

We have searched the record diligently to ascertain (1) whether or not the circumstances under which the stop sign was erected constituted negligence per se on the part of the City, and (2), if it was not such negligence, was there any notice to the City of its dangerous condition so as to make the City liable for the damage done.

The case of Barnesville v Ward, 85 Oh St 1, relating to a park strip between the sidewalk and curb stone, is interesting, and holds in substance that where the street is of a sufficient width, park strips between the curbing of the paved street and the pavement of the sidewalk in which strip grass, flowers and trees may be grown for the purpose of beautifying the city, and that the trees, grass and flowers growing thereon and proper barriers placed around the same are not obstructions or nuisances within the meaning of the statute.

The case of City of Cleveland v Amato, 123 Oh St, 575, holds in substance that the duty imposed upon municipalities is that of the exercise of the ordinary care, and that liability for damages for failure to per-

# 338

form the duty imposed cannot arise except upon proof either that its agents or officers actually created the faulty condition from which the injury resulted, or that it had notice thereof, actual or constructive.

In the case of **Bello v City of Cleveland, 106 Oh St 94,** it is held that the liability of a municipality can only be established by proof of notice or knowledge of a dangerous condition in a street, or of its existence for such length of time as to impute notice or knowledge, or by proof that the agents and officers of the municipality actively caused such condition.

The case of **City of Columbus v Penrod, 73 Oh St 209,** holds that the city will not be liable in damages to a person injured in consequence of the omission to guard a place of danger, unless it had notice, expressed or implied, of such omission, and after such notice was guilty of negligence.

See also:

**Village of Shelby v Clagett, 46 Oh St 549; Village v Kallagher, 52 Oh St 183; City of Cleveland v Gustafson, 124 Oh St 607; City of Cleveland v Payne, 72 Oh St 347; 28 O. Jur. 976-977-992.**

Counsel for plaintiff, in spite of the fact that he plead the City had notice of the dangerous condition of the sign, now takes the position that the erection of the sign itself was negligence. He did not plead such negligence, but only the negligence arising from the dangerous condition of the sign.

All the testimony relating to the condition of the sign prior to the injury of the plaintiff seemed to indicate that the dangerous condition was of very recent origin; that it had probably not existed for more than a day at most, and no evidence is introduced tending to show that the City, through its proper officers or otherwise, had notice of the dangerous condition.

We feel that the failure of the plaintiff to show notice to the City, either actual or constructive, is fatal to her right to recover, and that, therefore, the action of the Court in directing a verdict was correct.

Judgment of the Court below affirmed.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.